PATRICK CONWAY, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, January 10, 1887.

1. RAILROADS—NEGLIGENCE—USE OF MACHINERY—CASE ADJUDGED. Where the negligence in proof at the trial is not the negligence *alleged in the petition* as a ground of recovery, it is inadmissible. Proof that another machine was safer than the one used by the railroad company, or that another means or manner of using it was safer, was not evidence of negligence. (Affirming *Muirhead v. Railroad*, 19 Mo. App. 634).

2. PRACTICE—INSTRUCTIONS NOT BASED UPON EVIDENCE.—It is error to give an instruction based upon assumed facts not appearing in evidence.

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

Statement of case by the court.

This was an action by plaintiff, an employe of defendant, to recover damages for an injury sustained by him while engaged in the defendant's service.

This action grew out of the same accident, on account of which the case of *Muirhead v. Railroad* (19 Mo. App. 634), was instituted. This action was begun in the Macon circuit court, while the case of Muirhead was instituted in the Livingston circuit court.

The accident happened to a wrecking train, which was *en route* to the scene of a wreck of one of defendant's trains. The plaintiff was on the wrecking train and was injured.

The petition, in this case, alleged that the wrecking train "was by defendant improperly, negligently and unskillfully made up. That defendant knowingly placed

in said train a wrecking or derrick car, which was old, rotten  *   *   * .'' The petition then alleged : "That on said wrecking car was a large derrick, or upright pillar, with large swinging lever boom projecting far out over the sides of the car, when swinging to the side, and liable to come in contact with the upright sides of the bridges along the route on which said car had to pass. That defendant placed said derrick car in said train with said boom aforesaid, pointing forward in the direction of the running train, and without any adequate or safe fastenings to fix and hold it in place.''

During the trial the court permitted the defendant to introduce in evidence the opinion of a witness to the effect, that it would have been safer to have placed the derrick car in the train with the boom pointing to the rear than to the front.

For the plaintiff the court gave, among others, the following instruction :

"2. If the jury believe from the evidence that the derrick car was being repaired at Brookfield by the defendant, then it was the duty of defendant, before it departed from Brookfield with the same, to see that said derrick car was reasonably safe, and in reasonable repair, and defendant is liable to plaintiff for any neglect of its duty in the repair of said car, *and the placing the same in said wrecking train, in an unsafe and dangerous position*, and coupling the same in said car by an unsafe coupling, whereby said wreck was caused at Brush creek bridge and plaintiff was injured.''

STRONG & MOSMAN, for the appellant.

I. The demurrer to the case, made by the plaintiff's evidence, should have been sustained. The defendant was not liable for the negligence of a servant to one of his fellow servants, and in order to bind the master, *as for his own negligence*, the act must have been by some servant or agent who was the *alter ego* of the master. There was no such evidence here. *McGowan v. Rail-*

*road*, 61 Mo. 528; *Blessing v. Railroad*, 77 Mo. 410. Negligence cannot be presumed, but must be proved. *Brown v. Railroad*, 49 Mich. 153. Besides, there is no evidence to establish the connection of cause and effect between the negligent coupling of the car and the disaster. *Harlan case*, 65 Mo. 25; *Kendall v. Boston*, 118 Mass. 234; *Callahan v. Warne*, 40 Mo. 131; *Wood v. Railroad*, 51 Wis. 201; *Transportation Co. v. Downer*, 11 Wall. (U. S.) 134; *Randall v. Railroad*, 65 Mo.325; *Catron v. Nichols*, 81 Mo. 80.

II. The court erred in admitting evidence which was irrelevant under the pleadings in the case. The question of the comparative safety of two methods was not involved. *Muirhead v. Railroad*, 19 Mo. App. 634. So as to the evidence of a witness incompetent to testify as an expert from experience or otherwise.

III. The only issue presented in the petition which, under the evidence, could be left to the jury, was the question of negligence as to the method used in coupling the car. *Randall v. Railroad*, 109 U. S. 478; *Blessing v. Railroad*, 77 Mo. 410; *Waldhier case*, 71 Mo. 514; *Henry v. Railroad*, 76 Mo. 294.

IV. The court erred in giving plaintiff's *first* instruction. There was no evidence that plaintiff's injuries were caused by or resulted *from the use by the defendant* of a derrick car. *Smith v. Railroad*, 37 Mo. 295; *Callahan v. Warne*, 40 Mo. 131; *Fitterling v. Railroad*, 79 Mo. 504; *Branagan v. Railroad*, 75 Ind. 490. There was no evidence that the derrick car was old, rotten and out of repair, and not reasonably safe for the business in which it was used. *Morrow v. Commissioners*, 21 Kas. 484. Negligence must be charged and proved and the connection must be established. *Catron v. Nichols*, 80 Mo. 81; *Bell case*, 72 Mo. 57; *Harlan case*, 65 Mo. 25. There was no evidence that any officer or agent of defendant directed the act complained of. *McGowan v. Railroad*, 61 Mo. 528; *Blessing case*, 77 Mo. 410; *Randall v. Railroad*, 109 U. S. 478. So as to

the *second* instruction, which contained issues not made by the pleadings, nor justified by the evidence.

V. The court erred in refusing to submit to the jury the special issues prayed by defendant. It was not a matter of discretion with the court, but an absolute statutory right given the defendant. Laws of Mo. (1885) p. 214 ; *Railroad v. Rice*, 10 Kas. 435 ; *Johnson v. Husband*, 22 Kas. 282.

VI. The verdict of the jury is excessive, and the result of gross misconduct, instead of calm, deliberate judgment.

No brief for the respondent.

HALL, J.—The objection, made by the defendant, at the trial, to the introduction of the evidence touching the comparative want of safety of placing the derrick car in the train with the boom pointing to the front, viz : that the placing of said car in said manner in the train was not alleged in the petition as a ground of recovery, is made here. And we are inclined to hold that the objection is well made, for it does seem that the negligence alleged in the petition as to the placing of the derrick car in the train, was in placing said car "in said train with said boom aforesaid, pointing forward in the direction of the running train, *and without any adequate or safe fastenings to fix and hold it in place*," and not in placing the said car in the train .with the boom merely pointing forward. But, however that may be, the evidence was inadmissible for another reason. If the allegations of the petition were such as to authorize the introduction of the evidence, still it was inadmissible.

In *Muirhead v. Railroad* (*supra*), the petition plainly alleged the running of the derrick car with the boom pointing in a forward direction as negligence. Concerning an instruction given in that case, based on said allegation of negligence, we said that it was without evidence to support it. We said that, "Evidence that

the manner in which the derrick car was run was not the safest manner in which to run it, was not proof that said manner was careless or negligent." And we further held that "proof that it would have been safer for the defendant to have run the derrick car with its arm or boom pointing toward the rear instead of the front of the train, was not evidence of negligence on the part of defendant for running said car with said arm or boom pointing toward the front of the train." We adhere to the opinion thus expressed by us. The evidence referred to was, therefore, irrelevant and incompetent; it had no tendency to prove the issue.

That evidence was the only evidence introduced, so far as we have been able to discover by a careful examination of the abstract of the record, in support of the proposition that it was negligent for the defendant to place the derrick car in the train with the boom pointing to the front. It was, therefore, erroneous for the court, in the instruction given for the plaintiff, set out in the statement of the facts, to submit to the jury the question whether the accident was caused by the defendant having placed the derrick car in the train in an unsafe and dangerous position. There was no evidence to support the instruction in that respect.

Many other questions have been argued by the counsel for the defendant, but we have deemed it necessary to decide only that which we have already determined.

For the error stated the judgment is reversed and the cause remanded. All concur.