BATTNER v. BAKER, *Appellant.*

DIVISION ONE.

1. **Land:** ADJOINING PROPRIETORS : BOUNDARY LINES. Where adjoining land-owners are divided by a fence which they supposed to be the true line, each claiming only to the true line wherever it may be, they are not bound by the supposed line, and must conform to the true line when it is ascertained.

2. ——: ——: ADVERSE POSSESSION. When, however, one takes and holds possession up to a fence and claims to be the true owner thereto, his possession will be deemed adverse, and this is true, though he believes the fence to be on the true line when in fact such was not the case.

*Appeal from Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

108 311
111 419

108 311
121 485

108 311
138 36

108 311
149 223

REVERSED AND REMANDED.

*Culver & Davis* and *Benj. Phillips* for appellant.

(1) The court erred in giving the declaration of law asked by respondent, to the effect that under the law and the evidence the finding should be for respondent. The undisputed evidence is that appellant Baker had been in the open, notorious, continuous, exclusive and adverse possession of the land in dispute for more than twenty years. The finding of the court is against the law and the evidence, and should have been for appellant. *University v. McCune*, 28 Mo. 485; *Walbrunn v. Ballen*, 68 Mo. 164; *Cole v. Parker*, 70 Mo. 372; *McAnich v. Smith*, 19 Mo. App. 240; *Hamilton v. West*, 63 Mo. 93; *Tamm v. Kellogg*, 49 Mo. 119; *Handlan v. McManus*, 100 Mo. 124; *French v. Pierce*, 8 Conn. 439; *Yetzer v. Thoman*, 17 Oh. St. 130; *Hoffman v. White*, 7 S. Rep. 816; *Levy v. Yorga*, 25 Neb. 764; *Obernathy v. Edgar*, 44 N. W. Rep. 82; *Canfield v. Clark*, 21 Pac. Rep. 443; *Erck v. Church*, 11 S. W. Rep. 794; *Holloran v. Holloran*, 21 N. E. Rep. 374. (2) Appellant claimed the land as his own up to the fence for the statutory period, and the fact that he claimed up to the fence because he thought it was the true line, and because he thought the land was his, is immaterial. Why he claimed is immaterial. In other words, though, in order to constitute adverse possession, there must be an intent to claim adversely, there need be no motive for so doing; and the motive for so claiming, whatever that may be, is, therefore, immaterial. "Disseizin by Mistake," 32 Cent. Law Jour., p. 251; *Yetzer v. Thoman*, 17 Oh. St. 130; *French v. Pierce*, 8 Conn. 439. (3) The fact that permanent and valuable improvements have been placed on the land in dispute; that appellant tore down the fence built by respondent on the strip in controversy after the true line had been ascertained; that he refused to give up the land sued for after the

second survey was made, and continued to claim and hold possession of the land up to the fence, is evidence showing conclusively an intention to hold adversely to all. *Hamilton v. West*, 63 Mo. 93; *Walbrunn v. Ballen*, 68 Mo. 164; *Cole v. Parker*, 70 Mo. 379. (4) The material facts in evidence being undisputed, the appellate court will review the action of the trial court thereon, and decide if its judgment is warranted by such facts. *Bruen v. Fair Ass'n*, 40 Mo. App. 425; *Waddell v. Williams*, 50 Mo. 216; *Henry v. Bell*, 75 Mo. 194; *Douglas v. Orr*, 58 Mo. 573.

*Vories & Vories* for respondent.

"It is the well-settled law in this state, that when two adjoining proprietors are divided by a fence, which they suppose to be the true line, each claiming only to the true line, they are not bound by the supposed line, but must conform to the true line when ascertained." *Wilson v. Lerche*, 90 Mo. 473, and cases cited; *Jacobs v. Moseley*, 91 Mo. 457; *Schad v. Sharp*, 95 Mo. 574; *Krider v. Milner*, 99 Mo. 145; *Skinker v. Haagsma*, 99 Mo. 208.

BLACK, J.—This was an action of ejectment commenced in 1888 to recover a strip of land off of the south side of lot 4 in block 2 of Stewart's addition to the city of St. Joseph. The lots in that block have a length of one hundred and twenty-five feet, running east and west, and a width of twenty-five feet each. They are numbered from north to south. The plaintiff owns lots 1, 2, 3 and 4, and defendant owns lots 5, 6, 7 and 8.

At the trial the parties agreed upon the following facts: That defendant, more than twenty years before the commencement of this suit, took possession of lots 4, 5, 6 and 7, and fenced the same, and has been in the possession thereof since that date; that he built the fence between lots 4 and 5 according to stakes which

had been sent pursuant to a survey, and the fence was supposed to be on the true line; that his inclosure included one hundred feet front; that defendant during: that time used as his own all of the ground in his: inclosure. It was further agreed that plaintiff took possession of lots 1, 2, 3 and 4 in 1881, as the fences. were standing at that time.; that his inclosure included. one hundred feet front and projected into a street on the north side a distance equal to the amount of land sued for; that a true survey was made in 1887, from which it is shown that defendant's inclosure included a strip. of ground on the south side of lot 4, which strip is six and one-half feet wide at the west end and ten and a half feet wide at the east end. The defendant, more than ten years before the commencement of this suit,. erected a second dwelling-house on lots 5, 6, 7 and 8, being a one-story, frame house with brick foundation,. which building projects one foot, more or less, over the, true line.

In addition to these agreed facts, the defendant testi- fied: "I have always claimed the land up to the fence. I claimed it because I thought it was mine, and still' think so. I intended to claim to the true line, but. thought the fence was the true line, and only claimed. to the fence because I thought it was the true line. There was never any dispute about the true line until' the last survey was made. When that survey was. made, and they began building a fence over the old line, I tore it down because they were building it on my land."

On this evidence the court declared the law to be that plaintiff should recover, to which ruling the defendant excepted.

The question on these agreed facts and the evidence is, whether the defendant has acquired the land sued for, under the statute of limitations. That defendant has been in actual possession of the strip of land for more than the statutory period of time, is conceded.

The question, therefore, is, whether his possession has been adverse to the true owners. Where adjoining land-owners are divided by a fence, which they suppose is the true line, each claiming only to the true line, wherever that may be, they are not bound by the supposed line, and must conform to the true line when it is ascertained. *Jacobs v. Moseley*, 91 Mo. 457; *Schad v. Sharp*, 95 Mo. 574; *Krider v. Milner*, 99 Mo. 145 · *Skinker v. Haagsma*, 99 Mo. 209. "Their possession under mistake or ignorance of the true line dividing their premises, and without intending to claim beyond the true line when discovered, will not work a disseizin in favor of either party. *Schad v. Sharp*, *supra*. But where one takes and holds possession up to a fence, and claims to be the owner up to it, his possession will be adverse, and this, too, though he may believe the fence to be on the true line, when, in point of fact, it is not on the true line. *Cole v. Parker*, 70 Mo. 379; *Handlan v. McManus*, 100 Mo. 125. The distinction between these rules lies in the fact whether the party claimed only to the true line wherever that might be, or to the fence.

The circuit court committed manifest error in the application of these well-settled rules of law. It is true the defendant says he thought the fence was on the true line, and that he claimed to it because he thought it was the true line ; but that he claimed to the fence is clearly asserted by him. Besides this, it is agreed that he has been in actual possession, and has used as his own all of the ground within his inclosure. Emphasis is given to all of this by the fact that he had but one hundred feet front inclosed, the exact width of his four lots, and by the further fact that his building projects one foot over the true line. Though he supposed the fence was on the true line, and for that reason claimed up to it, still he at all times claimed to own the land up to that line, and his possession was adverse because of this claim of ownership. The fact that he was mistaken as

to the true line is immaterial, when it appears he claimed up to the fence. The case is entirely different from that where a party in possession simply claims to the true line, wherever that shall be ascertained to be.

It is not necessary to speak of cases where land-owners agree upon a line between their properties, for this case does not belong to that class. The court erred in directing a verdict for the plaintiff, and the judgment is reversed and the cause remanded. BARCLAY, J., absent; the other judges concur.