.SHOTWELL, *Appellant,* v. GORDON.

Division Two, May 8, 1894.

1. **Ejectment:** DISPUTED BOUNDARY: INSTRUCTION. An instruction, in an action of ejectment, that, if defendant held the actual, open, notorious and continuous possession of the strip of land in controversy, claiming it as his own and with no intention of yielding it up in case it was found, on a correct survey, that the true south boundary line ran north of the strip in controversy, then such possession was adverse, but if it was his intention to hold said strip only in the event that on a correct survey it was a part of the land bought by him, his possession was not adverse, is correct.

Shotwell v. Gordon.

2. **Supreme Court Practice:** EVIDENCE: HARMLESS ERROR. The supreme court will not reverse a judgment because of the exclusion of evidence which did not materially affect the issue to be tried.

*Appeal from Ray Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*Ball & Hamilton* for appellant.

(1) The court erred in giving instruction number 3, above set out, of its own motion, because said instruction is calculated to mystify and mislead the jury and did mislead the jury, as to the facts necessary to be found by them. He should have given instructions 1 and 2 asked for by plaintiff. *Thomas v. Babb*, 45 Mo. 384; *Jacobs v. Moseley*, 91 Mo. 457; *Keen v. Schnedler*, 92 Mo. 516; *Huckshorn v. Hartwig*, 81 Mo. 648; *Bradley v. West*, 60 Mo. 41; *Avery v. Adams*, 69 Mo. 603; *Hamilton v. Boggess*, 63 Mo. 244; *Tamm v. Kellog*, 49 Mo. 118. (2) The court erred in refusing to permit plaintiff to introduce his tax receipts to show that he paid taxes on the northwest quarter of the southwest quarter of section 9, township 51, range 27, from 1872 to 1890 inclusive. (3) The court erred in refusing to permit plaintiff to show the width of the road and the line on which it was located, by the records of the county court.

*J. W. Shotwell* also for appellant.

*Lavelock & Lavelock* for respondent.

GANTT, P. J.—This is an action of ejectment for a narrow and irregular strip of land, varying from twenty to fifty feet in width, and aggregating about one-half of an acre. The dispute originated between two adjoining proprietors, the plaintiff and William

Gordon. The latter has died since this appeal was taken and his heirs have been substituted.

Gordon purchased of Woods his twenty acre tract near the Junction station on the Wabash line near Richmond, Missouri. His tract was covered with timber when he purchased it, and he built his house, and year by year, cleared it. There was ample testimony showing that Mr. Woods showed him the lines in the road, and that he built his fences with reference to that line and for twenty-two years claimed up to it. He set apart a small tract in one corner of his twenty acres for his burial ground, and in it his two wives were buried. This burial ground falls partly within the strip claimed by plaintiff. The jury found for the defendant and plaintiff appeals.

Plaintiff deduced a perfect paper title to his forty acres, and a recent survey indicated that Gordon had put a part of his fence over the line of this forty along the road between the tracts. On the other hand, defendant's title to his twenty acres was not questioned.

Defendant asserted title to the strip in suit by adverse possession. Plaintiff assigns as error the following instruction, given by the court of its own motion:

"3. On the question of adverse possession, the court instructs the jury that, if the defendant William Gordon, Sr., held the actual, open, notorious and continuous possession of the strip of land in controversy, claiming it as his own, and with no intention of yielding it up in case it was found on a correct survey that the true south boundary line of this tract of land ran north of the strip in controversy, then his possession of said strip of land was adverse, but if it was his intention to hold said strip only in the event that on a correct survey it was a part of the tract of land bought by him, and if not, then to conform to the correct line, in such case his possession was not adverse."

This is a clear, succinct statement of the law of adverse possession as between adjoining proprietors. *Goltermann v. Schiermeyer*, 111 Mo. 404; *Battner v. Baker*, 108 Mo. 311; *Handlan v. McManus*, 100 Mo. 125; *Cole v. Parker*, 70 Mo. 377. Having correctly instructed on this subject, no error was committed in refusing to give other instructions on the same subject, though correct.

II. The other assignments of error could not have materially affected the issue. The order of the county court opening the road would not have strengthened plaintiff's case. He says himself that he permitted the road to be opened on his land and remain on it for fifteen years because he supposed it was on the line. The order could not have affected the question at issue one way or the other. Neither would his tax receipts. It was conceded he had title to his forty, and was paying taxes on it, and he had, also, the full benefit of showing that defendant did not pay taxes on any part of plaintiff's forty.

The sole question at issue was the character of the adverse possession of defendant and this was one of fact, submitted under a clear and correct instruction to the jury, and they found against plaintiff. The judgment is affirmed. All of this division concur.