ROECKER, *Appellant*, v. HAPERLA *et al.*

### Division One, March 9, 1897.

1. **Ejectment**: DIVISION LINE: TEN-YEAR LIMITATION. Occupancy of land for ten years or longer will not constitute adverse possession, if it is evident that the plaintiff never intended to claim beyond his true boundary line. Plaintiff's possession under a mistake or ignorance of the true boundary line between him and an adjoining owner, without any intention on his part to claim beyond the true line when it should be established in accordance with his deeds, will not work a disseizin in his favor.

2. ——: ——: ——. *Possession for ten years under a color of title* of a part of the land described in the deed vests in plaintiff the right to recover all lands embraced within the true lines when they are established in accordance with the description of the deed. Such possession is then adverse.

3. ——: ——: PRACTICE: NONSUIT. A demurrer to the evidence ought not to be sustained if it shows that the land in dispute, or any part of it, is within the boundaries called for in the deed, for in such case plaintiff ought to recover to the true boundary line, even though he did not have ten years' possession thereof.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Burr & Wieman* for appellant:

(1) Plaintiff showed such right to the possession of the land in controversy as ,is required by law, to make a *prima facie* case. Ten years consecutive adverse possession, under claim of title, creates in the possessor an affirmative title, under which he may maintain ejectment. And such possession will raise a presumption that the title has emanated from the government, and vested in the holder. *Allen v. Mansfield*, 82 Mo. 688; *Barry v. Otto*, 56 Mo. 177; *Davis v. Thompson*, 56 Mo. 39. (2) It was not necessary for plaintiff to trace his title back to the government; prior possession alone, under claim of title, is sufficient to maintain ejectment. *Crockett v. Morrison*, 11 Mo. 3; *Dale v. Faivre*, 43 Mo. 556; *Matney v. Graham*, 59 Mo. 190; *Bledsoe v. Simms*, 53 Mo. 305; *White v. Keller*, 114 Mo. 479. (3) In ejectment for land lying between disputed boundary lines the question whether a deed under which plaintiff claimed, covered the strip in controversy, was held to be one for the jury. *Barry v. Otto*, 56 Mo. 177; *Whittelsey v. Kellogg*, 28 Mo. 404.

*A. M. Allen* for respondent.

(1) The evidence offered by appellant was insufficient to make out a *prima facie* case and the action of the court in sustaining a demurrer to the evidence was proper. In ejectment plaintiff must recover upon the strength of his own title, and not ,on the weakness of that of the defendant. *West v. Bretelle*, 115 Mo. 661; *Foster, v. Evans*, 51 Mo. 39. (2) The evidence shows that the hedge fence was the dividing line between appellant and respondent, and the fact that it was cut down by consent of both appellant and respondent and a new fence built in its place, goes to show, and does

show, that appellant never intended to claim further than the true line whenever ascertained and of consequence his possession up to the hedge fence was at no time adverse to respondent. *Kunze v. Evans*, 107 Mo. 487; *Battner v. Baker*, 108 Mo. 311. (3) There is no evidence that the line run by either of the surveyors is the true line, as neither line agreed with the other, but each line differed from the other, and the evidence shows that both surveys were made without notice to respondent.

MACFARLANE, J.—The action is ejectment. The controversy is one over the division line between the east and west halves of lots 7, 8 and 9, of Vogles third addition to Westport. The length of the three lots north and south is eight hundred and twenty-five feet, and in width three hundred and forty-six and five tenths, as shown on the plat. Plaintiff has a deed to the west half and defendant claims the east half. For over ten years a fence divided the possessions of the respective claimants. Afterward that fence was removed and for a time there was no division fence. About 1891, defendants built a division fence, commencing on the north about four feet west of the location of the old fence, and running southerly it crossed the line of the old fence about six hundred feet south of the north line of the lots and ended on the south line of the lots about one and five-tenths feet east of the line of the old fence. This fence it will be seen took into defendant's inclosure a wedge-shaped lot four feet wide at the north end and coming to a point about six hundred feet south, which had formerly been in the inclosure of plaintiff. This suit is to recover possession of that piece of land. The answer to the petition is a general denial.

After hearing the evidence offered by plaintiff, the

court, on request of defendant, gave an instruction directing a verdict for defendant. Thereupon plaintiff took a nonsuit with leave. A motion to set aside the nonsuit was overruled, and plaintiff appealed.

I.   While the evidence is very conclusive that plaintiff occupied the land for more than ten consecutive years before defendant took possession thereof, yet, after a careful reading of the evidence, we are of the opinion that such occupancy was not adverse, in the sense that it would divest the title of the owner of any part of the east half of said lots, so occupied.

It is very evident that plaintiff never intended to claim beyond the true dividing line, for he now claims, in this suit, to a line made by the surveyor which is east of the line of the old fence, which formerly marked his possession. Though he testified on the trial, he does not pretend that the line of the old fence was adopted by agreement of the parties, as the true dividing line, nor does he testify that he intended the old fence as the boundary to his land regardless of where the true line, when established, should be. So, if the new fence is on the true line dividing the lots, then the land in dispute is located on the east half thereof, and plaintiff is not entitled to the possession. His possession under a mistake or ignorance of the true dividing line, without intending to claim beyond the true line, when discovered, will not work a disseizin in his favor. *Battner v. Baker*, 108 Mo. 315, and cases cited.

The evidence tended to prove that the land in question lies in the west half of the lots. The line was located by two surveyors and each testified that the true line was east of the disputed tract. If their testimony is true then plaintiff should recover provided he has shown such title to the west half of the lots as will entitle him to recover in ejectment.

The only evidence of title offered by plaintiff was

a deed from a prior claimant to the west half of the lots, with actual possession thereunder for more than ten consecutive years. If the old fence was on the true division line, then the actual possession of plaintiff for ten years would be adverse and would make his title good as against defendants, who, so far as appears, had no title. While the possession beyond the true line was not adverse, because taken through mistake, the same can not be said of a possession within the true line. It can not be said because the division line is unknown or in doubt that the possession within such line is not adverse. The actual possession of all the land within the description contained in the deed is presumptively adverse, and, if the possession has been continued for ten years or more, it confers upon the possessor a title upon which he can recover in ejectment.

The evidence shows that plaintiff held the actual possession of the land sued for, or a portion of it for over ten years, claiming under a deed from a prior possessor. If the evidence should show that the land, or any part of it, is within the boundaries called for in the deed, that is, within the west half of the lots, then plaintiff ought to recover the land or such part thereof. The evidence offered by plaintiff tends to prove that the land, or most of it, is located in the west half of the lots. The demurrer to the evidence should have been denied. The question whether the disputed land is located in the east or west half of the lots should have been submitted to the jury.

The judgment is reversed with direction to set aside the nonsuit and grant a retrial.

All the judges of this division concur.