## J. C. BREEDEN, Respondent, v. BIG CIRCLE MINING COMPANY, Appellant.

### Kansas City Court of Appeals, June 8, 1903.

1. **NEGLIGENCE: Pleading: Specific Acts: Evidence.** Where a series of acts are alleged to be negligent and therefore resulting in injury, the pleader is not confined to one but may use two or more to make out his case; but where there is a general allegation of negligence followed by another allegation specifying certain acts, the plaintiff will be confined to the specifications.

2. ——: ——: ——: ——. And where acts other than those specified are admitted in evidence without objection, there will still be a failure of proof, unless the evidence makes out a prima facie case under the specific allegations.

3. ——: **Contributory: Scienter: Instructions.** Instructions requiring the plaintiff to know certain facts which rendered it dangerous to work as he did, are condemned in that the jury were not told that he should have exercised ordinary care to discover such danger.

4. ——: ——: ——: ——: **New Trial.** Certain suggestions as to amendments and instructions on new trial are made.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

REVERSED AND REMANDED.

*W. R. Robertson* for appellant.

(1)   The general allegations of negligence and of
defects in appliance are overcome and nullified by a
specific allegation of the defect. Conway v. Railroad,
24 Mo. App. 238; McManamee v. Railroad, 135 Mo. 447;
McCarty v. Rood Hotel Co., 144 Mo. 402; Chitty v.
Railroad, 148 Mo. 75; Brown v. L. & L. Co., 65 Mo.
App. 166; Bohn v. Railroad, 106 Mo. 434.    (2)   It is for
plaintiff to trace the cause of the accident to defendant's
negligence and not for the defendant to show the cause
of the accident, and where the accident is occasioned by
one of two causes for one of which defendant is respon-
sible and for the other of which he is not, the plaintiff
must fail if he does not prove it was caused by the for-
mer.    Breen v. Cooperage Co., 50 Mo. App. 215.    (3)
The rule is well settled that an instruction given on the
whole case must be so framed as not to exclude from
the jury the consideration of defendant's contentions
and defenses.    Maack v. Schneider, 57 Mo. App. 434.
(4)   Where an instruction, though erroneous, is asked,
and over the objection of the party asking it, the instruc-
tion is modified and given and is yet erroneous, the party
asking said instruction is not precluded from assailing
it.    Meyer v. Railroad, 40 Mo. 151; Allen v. Mansfield,
82 Mo. 688; Swigert v. Railroad, 75 Mo. 475; Maxey v.
Railroad, 68 S. W. 1063.

*Shannon & Shannon* for respondent.

(1)   The defective eye on the eccentric bumper
was the proximate cause of plaintiff's injury in this
case.    Banks v. Railroad, 40 Mo. App. 458; Porter v.

Railroad, 71 Mo. 67. (2)   While the employer is not an insurer of the absolute safety of the appliances he furnishes, he is bound to. provide such instruments as are reasonably safe, secure and sufficient for the purpose.   Nicholds v. Plate Glass Co., 126 Mo. 55.   (3) The gigman and the superintendent were vice-principals of the defendant in this case.   Porter v. Railroad, 71 Mo. 66; Nicholds v. Plate Glass Co., 126 Mo. 56; Clowers v. Railway, 21 Mo. App. 217; Devlin v. Railway, 87 Mo. 545.   (4)   Defendant was liable for the weakness of its appliance in this case.   Banks v. Railroad, 40 Mo. App. 466.   (5)   The instructions given for plaintiff in this case are correct and are authorized by the approved instructions given in the following cases: Porter v. Railroad, 71 Mo. 72; Nichols v. Plate Glass Co., 126 Mo. 68; Doyle v. Trust Co., 140 Mo. 10.

SMITH, P. J.—Action to recover damages for personal injuries.   The negligence alleged in the petition was, that the   defendant "had   provided   a   bumper in one of its crushers or breaks, with an eye which was insufficient and too weak for the purpose for which it was used, and was made of three-quarter inch cast steel instead of being made of one and one-quarter inch malleable iron, as it should have been," and "on account of its insufficient strength for said purpose broke," whereby, etc.   The general allegation that the "eye was insufficient and too weak for the purpose for which it was used," was followed by the specification that it was made of three-quarter inch cast steel instead of one and one-quarter malleable iron, as it should have been, or, in other words, the eye was insufficient and too weak in that it was "made of three-quarter inch cast steel instead of one and one-quarter inch malleable iron."

Obviously, this is not a case where a series of negligent acts and circumstances leading up to the catastrophe are alleged.   In such a case the pleader is not bound to select one of the precedent acts of negligence

and rely upon that when that alone may not be sufficient, but two or more or all of them collectively may be sufficient to make out a case entitling him to recover. The rule is illustrated by the following cases: Hill v. Railway, 49 Mo. App. 520; s. c., 121 Mo. 482; Oglesby v. Railway, 150 Mo. 137. But in a case like this where there is a general allegation of negligence, followed by another specifying the acts of negligence, the plaintiff will be confined to the specifications. And so it has been ruled that where specific negligence is alleged, in connection with a general allegation that no proof of negligence outside of that specified is admissible. McManamee v. Railroad, 135 Mo. l. c. 447; Waldhier v. Railway, 71 Mo. 515; Schneider v. Railway, 75 Mo. 295; McCarty v. Hotel Co., 144 Mo. l. c. 402; Chitty v. Railway, 148 Mo. l. c. 75; Watson v. Railway, 133 Mo. 246. And so, too, it has been held that where evidence of negligence other than that specifically alleged is admitted over the objections of the defendant, that an instruction based on facts constituting such unspecified negligence was improper. Conway v. Railway, 24 Mo. App. 235.

There was no evidence whatever introduced which tended to prove that the eye was made of cast steel instead of malleable iron. There was, however, some that it was made of iron, and common iron at that, but that was all. And while the defendant does not seem to have objected to the introduction of evidence tending to prove negligence different from that specified, yet, as such evidence was inadmissible to sustain the issue, we think the trial court erred in denying the defendant's demurrer. McCarty v. Hotel Co., supra. The evidence did not make out a prima facie case under the allegations of the petition.

The defendant assails the judgment, which was for plaintiff, on the further ground that the court erred in giving on its motion instructions numbered ten and eleven, which were to the effect that, if the jury be-

lieved from the evidence that the eye of the bumper referred to in this case was defective and dangerous for the purposes for which it was intended to be used and that the plaintiff knew these facts, *and the dangers attending its use,* and continued to use it without objection on his part, then their verdict must be for the defendant; and that even though it believed from the evidence that the plaintiff was injured by reason of the eye in the bumper breaking and that the defendant was guilty of negligence in furnishing the same for the use of the plaintiff, yet if it further believed from the evidence that the defendant furnished the plaintiff with a proper lever for performing the work which he was doing at the time of the alleged injury and which he could have safely done by standing on the crusher platform, then its verdict should be for the defendant, if it believed from the evidence that said crusher platform was a safer place on which to stand than where he was standing when the accident occurred *and that plaintiff knew that fact.* These instructions were modifications of those of like number requested by the defendant. The modifying words added by the court are italicized.

These instructions declare that if the plaintiff knew the facts therein hypothesized, he could not recover; but they impliedly authorized a recovery if he did not know such facts, even though by the exercise of ordinary care he could have known them. The jury, guided by these instructions, might have well concluded from the evidence that as there was no evidence before it that the plaintiff knew of the defect and insufficiency in the said appliances furnished him by defendant and with which to perform the work required of him, that he ought to recover, even though it believed that by the exercise of ordinary care he could have known of such defect and insufficiency. The qualification added to each was too narrow and restricted. To the qualification in the tenth should have been added the further qualification "or if he (plaintiff) by the exercise of ordinary care could

have discovered the dangers attending the use of the eye, he could not recover,'' and to that of the eleventh a similar qualification.

If the petition had contained the general allegation that the said ''eye was weak, insufficient and made of improper material, and not reasonably safe for the purpose for which it was used,'' the evidence adduced by plaintiff would doubtless have been admissible, and his first instruction proper.

As we shall reverse the judgment and remand the cause with leave to plaintiff to amend his petition if he chooses to do so, we may suggest, in the event of another trial, that the plaintiff's instructions numbered two, three and four should be omitted from his series. And the words, ''care and skill,'' should be omitted from the fifth. The case on its facts is quite a simple one and the plaintiff's instructions numbered one, five (amended as suggested), and six, we should think is all that would be necessary to fully submit the case for plaintiff. The instructions given for the defendant fully submitted its defense. They were quite liberal. The action of the court in refusing all of its others is not subject to any just criticism.

Accordingly, the judgment will be reversed and cause remanded, with leave to plaintiff to amend his petition. All concur.