SCHNEIDER v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Negligence**: PLEADING. In an action for negligence the petition need not specify the particular act complained of. If it does, no other can be proved. But a general averment of negligence will be sufficient.

2. ————: EVIDENCE: RAILROAD. Under a general averment that the defendant, a railroad company, negligently killed plaintiff's animal, evidence was received that the killing took place at a public crossing, and that neither the whistle was sounded nor the bell rung on the locomotive which did the damage, as it approached the crossing. *Held*, no error.

*Appeal from Pettis Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

AFFIRMED.

*Thos. J. Portis* and *E. A. Andrews* for appellant.

| | |
|---|---|
| 75 | 295 |
| 104 | 502 |
| 104 | 656 |
| 105 | 370 |
| 75 | 295 |
| 111 | 637 |
| 49a | 531 |
| 53a | 401 |
| 75 | 295 |
| 57a | 226 |
| 57a | 332 |
| 75 | 295 |
| 133 | 197 |
| 66a | 140 |
| 75 | 295 |
| 135 | 447 |
| 75 | 295 |
| 138 | 325 |
| 139 | 294 |
| 140 | 263 |
| 140 | 485 |
| 72a | 17 |
| 75 | 295 |
| 144 | 402 |
| 75 | 295 |
| 159 | 580 |
| 75 | 295 |
| 87a | 434 |
| 75 | 295 |
| 163 | 489 |
| 75 | 295 |
| 177 | 449 |

HENRY, J.—This suit was to recover damages for the killing of a horse by defendant's locomotive engine and cars, and the petition alleges that: "Defendant so carelessly and negligently ran and managed its locomotive engine and cars, on its railroad, as to run against and over said horse, thereby killing him." Defendant objected to any evidence on the part of plaintiff, "because the petition does not state facts sufficient to constitute a cause of action." This objection was overruled. That the petition is sufficient in such a case, has been repeatedly held by this court. *Meyer v. Atlantic & Pacific R. R. Co.*, 64 Mo. 542; *Goodwin v. R. R. Co., ante*, p. 73. These cases are distinguishable from *Waldhier v. R. R. Co.*, 71 Mo. 514. That was a suit by an employe against the company to recover damages for personal injuries, and the petition alleged specifically wherein defendant was negligent, and yet plaintiff was permitted to recover for negligence other than that specifically assigned. This was held by this court to be error.

The appellant also complains that the court permitted plaintiff to introduce evidence to show that the horse was killed at a public crossing, and that neither the whistle nor bell of the locomotive was blown or rung, as required by the statute. The appellant contends that as this action is not based upon that section the court erred in admitting evidence of a disregard of its provisions by the defendant's employes. This precise question was passed upon in the case of *Goodwin v. R. R. Co., supra*, in which we held the evidence admissible. All concurring, the judgment for plaintiff is affirmed.