DLAUHI, *by Next Friend, Appellant*, v. ST. LOUIS, IRON ·MOUNTAIN AND SOUTHERN RAILWAY COMPANY.

Division Two, May 25, 1897.

1. **Pleading:** NEGLIGENCE: GENERAL AND SPECIFIC AVERMENTS. When a general averment of negligence in a petition is followed by an enumeration of specific acts of negligence, the plaintiff will be restricted to a proof of the facts so specified. But where no objection is interposed to evidence offered to support the general averment, the issues can not be restricted to the specific negligence. Especially will this be the holding where no objection was made to such evidence at the time of. its offer, and both plaintiff and defendant requested the court to instruct the jury on the issue made by the general averment.

2. **Personal Injuries:** NEGLIGENCE BY PLAINTIFF: DUTY OF DEFENDANT. An instruction that imposes no, duty on a railroad company to protect from injury a fourteen year old boy who was standing on the crossing of a public street and was there run over by a train, is wrong, and alone a sufficient ground for a reversal.

3. ———: ———: ———: THE RULE OF LAW: ITS QUALIFICATIONS. The rule of law is that one going upon the track of a railroad should observe all such precaution for his own safety as reason and prudence dictate, and if disaster come upon him by reason of a failure to do so, he must bear the consequences. This rule, however, has a qualification that is founded upon principles of humanity and is universally recognized. It is that the railroad company is compelled to use all reasonable efforts to avoid injury to one who has negligently placed himself in a position of danger, if the peril is known, or, under certain circumstances, might have been known by it.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*A. R. Taylor* and *Howard Taylor* for appellant.

(1) The first instruction given for the defendant ignores any duty, on the part of defendant's servants,

of preventing the injury, though they may have seen the boy standing on the track, and that he did not observe the approaching train. This has never been the law. It would be inhuman to acquit anyone of blame who should see another, however negligently, expose his life or limb, and thereafter use no care to avoid such injury to such indiscreet person. *Hanlon v. Railroad*, 104 Mo. 389; *Dahlstrom v. Railroad*, 108 Mo. 539; *Reardon v. Railroad*, 114 Mo. 406; *Fiedler v. Railroad*, 107 Mo. 645; *LeMay v. Railroad*, 105 Mo. 361; *Guenther v. Railroad*, 108 Mo. 18; *Chamberlain v. Railroad*, 33 S. W. Rep. 441.

*Martin L. Clardy* and *Henry G. Herbel* for respondent.

(1)   Plaintiff, having been defeated by a jury's verdict on the statutory negligence charged in his petition, can not now inject into this case a common law charge of negligence, viz., that the defendant's employees in charge of defendant's train could have avoided injuring plaintiff after he was or could have been discovered by them in a position of peril. *Fuchs v. City of St. Louis*, 34 S. W. Rep. 513; *Schneider v. Railroad*, 75 Mo. 295; *Waldhier v. Railroad*, 71 Mo. 514; *Price v. Railroad*, 72 Mo. 416; *Butts v. Railroad*, 98 Mo. 278; *Smith v. Railroad*, 47 Mo. App. 550; *Kendrick v. Railroad*, 81 Mo. 523; *Nutter v. Railroad*, 22 Mo. App. 332; *Hughes v. Railroad*, 127 Mo. 453; *Sherwood v. Railroad*, 33 S. W. Rep. 776; *Fitzgerald v. Barker*, 96 Mo. 665; *Burns v. Mayor*, 33 S. W. Rep. 18; *Wolff v. Campbell*, 110 Mo. 114. (2) Plaintiff's contributory negligence was also such that no conscientious juror could say that he was without fault. In fact this court on the former appeal (105 Mo. 658) practically held that he was guilty of such

contributory negligence as ought to have barred a re-
covery in this suit. *Dlauhi v. Railroad*, 105 Mo. 658;
*Payne v. Railroad*, 30 S. W. Rep. 139; *Lynch v. Rail-
road*, 20 S. W. Rep. 645; *Railroad v. Martin*, 33 S. W.
Rep. 1070; *Nugent v. Milling Co.*, 33 S. W. Rep. 431;
*Pettit v. Railroad*, 59 N. W. Rep. 1083.

BURGESS, J.—This is an action by plaintiff, a boy
who was at the time of the injury complained of near
the age of fourteen years, for damages for personal
injuries sustained by him, by being run over by one of
defendant's trains of cars on the thirteenth day of
July, 1887.

The case was before this court on a former occa-
sion, 105 Mo. 645. The issues involved as then stated
by GANTT, P. J., who wrote the opinion, are as follows:
"The petition charges negligence in the running of the
train; the failure to have a watchman at the crossing
of Filmore street when the accident happened as re-
quired by ordinance; the failure to ring the bell as
required by statute and city ordinance. Answer,
general denial and plaintiff's contributory negligence."

On the first trial plaintiff recovered a judgment
for $4,900, which on defendant's appeal was reversed
and the cause remanded, because of error committed
by the trial court in giving an instruction on the part
of plaintiff. On the last trial there was a verdict and
judgment for defendant, from which plaintiff appeals.

While the facts as testified to by the plaintiff on
the last trial, are somewhat at variance with those
stated by him on the first trial, as they appear from the
record and the statement by this court on the former
appeal, the variance is not thought to be of sufficient
importance to require a restatement of the facts as they
are fully and fairly stated in that case.

The first assignment of error is with respect to

the action of the court in giving the first instruction asked by defendant.    It is insisted that this instruction ignores any duty, on the part of defendant's servants, to prevent the injury, though they may have seen plaintiff standing on the track, and that he did not observe the approaching train.

Upon the other hand, it is strenuously insisted that the petition is not framed upon that theory, that is, that the plaintiff was entitled to recover on the common law ground that defendant's servants in charge of the engine by which plaintiff was struck, could have avoided injuring him after his perilous position was or might have been discovered by them had they exercised due care and watchfulness.    It is argued that the petition is bottomed upon specific grounds of negligence, viz., the failure to have a watchman at the crossing of Fillmore street when the accident happened as required by ordinance, and the failure to ring the bell as required by statute and city ordinance, and that, therefore, the allegation of negligence of defendant's servants in operating the train, although it states a cause of action at common law, should be ignored.

In *McManamee v. Railroad*, 135 Mo. 444, it was held that when a general averment of negligence in a petition is followed, as in this case, by an enumeration of specific acts of negligence the plaintiff will be restricted to proof of the facts so specified.    See, also, *Schneider v. Railroad*, 75 Mo. 295; *Waldhier v. Railroad*, 71 Mo. 515.    But in order to the restriction of the proof to the specific acts of negligence alleged there should be interposed at the time when offered, objection to the introduction of the evidence under the general allegation.

Defendant not only failed to object to the introduction of such evidence, but the court, at the request of both plaintiff and defendant, and also of its own

motion, instructed the jury upon that theory of the case, and under the circumstances defendant must be held to have waived any and all objections to the introduction of such evidence.

The court at the instance of the plaintiff, of its own motion, and at the request of defendant, gave to the jury ten instructions, only two of which, number 1 given on the part of defendant, and number 3 on behalf of plaintiff, are criticised on this appeal. Number 1, given on the part of defendant, is as follows:

"Even should the jury find and believe from the evidence that the bell of the engine was not constantly sounded while the train was in motion, or was not sounded at intervals eighty rods before reaching Fillmore street, still the plaintiff can not recover, and you must find for the defendant, if Louis Dlauhi, from where he was struck, by looking or listening in an ordinarily careful manner, could either have seen or heard the train in time, if in its way, to have gotten out, or if not in its way, to have kept out of it."

Plaintiff's third instruction reads as follows:

"Although the jury may believe and find from the evidence in this case, that the plaintiff, while crossing over defendant's tracks at their intersection with Fillmore street, within the city of St. Louis, stopped upon defendant's north-bound track to await the passage of a train upon the south-bound track, and although the jury may find from the evidence that the plaintiff, while so standing upon said track, was negligent in failing to look for an approaching train while so standing upon said track; yet, if the jury further find from the evidence that defendant's servants·in charge of its engine either saw the plaintiff upon said track and in a place of danger, or they, by the exercise of ordinary care, would have so seen the plaintiff on said track and in peril, and thereafter they could have averted injury

of plaintiff by the exercise of ordinary care, but neg-
ligently failed to do so, then the plaintiff is entitled to
recover.''

The vice of defendant's first instruction is that it
precludes plaintiff's recovery if, from where he was
standing at the time he was struck by the cars, he by
looking or listening, in an ordinarily careful manner,
could either have seen or heard the train in time, if in
its way, to have gotten out; or, if not in its way, to
have kept out of it, although defendant's servants in
charge of the train, by the exercise of ordinary care
and watchfulness, could have seen his perilous position
in time to have averted the injury. It imposed no
duty whatever upon the part of defendant to protect
the plaintiff from injury, although he was on the cross-
ing of a public street where he had the right to be, and
where it was the duty of defendant's employees in charge
of the train to be on the alert, and to exercise reason-
able care and caution in order to prevent injury to
persons on said street, and where the law imposed
upon plaintiff the corresponding duty to prevent being
hurt.

''It is well settled by authority, as well as enjoined
by the common dictates of prudence, that one, going
upon the track of a railroad, should observe all such
precautions for his own safety, as reason and prudence
dictate, and if disaster comes upon him by reason of
a failure to do so, he must bear the consequences.''
*Hanlon v. Railroad*, 104 Mo. 381; *Yancey v. Railroad*,
93 Mo. 436; *Harlan v. Railroad*, 64 Mo. 480; *Lenix v.
Railroad*, 76 Mo. 86; *Moody v. Railroad*, 68 Mo. 470.
''This rule has, however, a qualification which is
founded upon principles of humanity and is universally
recognized. This qualification enjoins upon the rail-
road company the duty of using all reasonable efforts
to avoid injury to one who has negligently placed him-

self in a position of danger, if the peril is known, or under certain circumstances, by reasonable care might have been known. A failure to observe this require- ment renders the company liable, notwithstanding the previous negligence of the person injured." *Hanlon v. Railroad, supra; Rine v. Railroad*, 88 Mo. 396; *Maher v. Railroad*, 64 Mo. 267; *Bergman v. Railroad*, 88 Mo. 678; *Kellny v. Railroad*, 101 Mo. 67.

But it is insisted by defendant that whatever of infirmity there existed in this instruction, if any, was cured by the third instruction given on the part of plaintiff. That is, whatever it lacked to make it a good instruction was supplied by plaintiff's third, and that when considered together they presented that branch of the case fairly to the jury. But this rule does not apply where the erroneous instruction does not, as in this instance, even by implication, embody the issue as to the negligence of defendant in failing to see plaintiff's perilous position in time to have pre- vented the accident by the exercise of ordinary care and diligence, but ignored that question altogether and was manifestly erroneous. *Iron Mountain Bank v. Murdock*, 62 Mo. 70. The court had about as well have peremptorily instructed the jury to return a verdict for defendant, as they could not have done otherwise under the instruction as given.

It is finally contended by defendant that plaintiff was guilty of such contributory negligence as to bar a recovery, and even if error was committed in giving instructions, that the judgment was for the right party and should be affirmed; that plaintiff was guilty of negligence in going upon the railroad track and stand- ing there until he was struck by the engine, when he knew that trains frequently passed there and that it was dangerous to go upon the track; that he could have seen the train approaching at a distance of 450

feet had he but looked, is beyond any question. But there was evidence tending to show that defendant's servants in charge of the train could, by the exercise of ordinary care and caution, have discovered plaintiff's perilous position in time to have checked it and averted the injury, which if true, showed negligence of defendant after its employees saw the peril to which plaintiff had exposed himself.

For error committed in giving the first instruction at the request of defendant the judgment is reversed and the cause remanded.

GANTT, P. J., and SHERWOOD, J., concur.