McCARTY, *Appellant*, v. ROOD HOTEL COMPANY.

Division Two, May 31, 1898.

1. **Negligence**: FELLOW SERVANTS. Where plaintiff and the elevator boy, through whose negligence plaintiff was injured, are clearly fellow-servants, he can not recover from the hotel company for the breaking of his arm by the descent of the counterweight thereon while he was working in the elevator shaft.

2. ———: NECESSARY PLEADING. Where a petition states that the elevator was moved in obedience to the order of the general manager of the hotel and thereby plaintiff was injured, but does not allege that the manager was guilty of any negligence in giving the order, no recovery can be had even if the order were in fact negligent.

3. ———: ———: GENERAL AND SPECIFIC. Although the petition contains general charges of negligence, the evidence will be confined to the specific charge.

4. ———: CONTRIBUTORY NEGLIGENCE. Plaintiff can not recover damages from a hotel company for breaking his arm while working in its elevator shaft, if he had full knowledge of the peril of his situation and by giving heed to his dangerous surroundings would have avoided injury.

*Appeal from St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*John R. Christian* for appellant.

If the plaintiff and Thompson were not fellow-servants, and Thompson negligently caused the injury without negligence on the part of plaintiff, defendant is liable. If, on the other hand, they were fellow-servants, and Thompson injured plaintiff while obeying E. E. Sumner, there can be no question but that plaintiff can recover. The question of contributory negligence is not before the court, as there is no evidence

to sustain that defense. *Foster v. Railroad*, 115 Mo. 165; *Rowland v. Railroad*, 20 Mo. App. 463; *Schaub v. Railroad*, 106 Mo. 74; *Covey v. Railroad*, 27 Mo. App. 177; *Barry v. Railroad*, 98 Mo. 62; *Moore v. Railroad*, 85 Mo. 588; *McDermott v. Railroad*, 87 Mo. 285; *Smith v. Railroad*, 92 Mo. 368; *Ischer v. St. Louis Bridge Co.*, 95 Mo. 265; *Dutze v. Geisel*, 23 Mo. App. 681; *Corbett v. Railroad*, 26 Mo. App. 628; *Francis v. Railroad*, 110 Mo. 387; *Schroeder v. Railroad*, 108 Mo. 328; *Bluedorn v. Railroad*, 108 Mo. 447; *Marshall v. Schricke*, 63 Mo. 308; *Card v. Eddy*, 129 Mo. 510; *Miller v. Railroad*, 109 Mo. 350; *Dickson v. Railroad*, 109 Mo. 419; *Young v. Shickel Co.*, 103 Mo. 328.

*A. & J. F. Lee* for respondent.

(1) There can be no recovery for any act contributing to an injury unless it be the proximate cause of that injury. *Wallace v. Railroad*, 59 Mo. App. 426; In so far as Sumner is concerned, there is no reason to suppose that he or any other man of ordinary prudence would have foreseen the consequences which arose from his order. (2) We take it to be clear beyond question that the plaintiff and the elevator boy were fellow-servants. They were in the same department of a common employment, subject to the orders of a common master. *Rowland v. Railroad*, 20 Mo. App. 469; *Card v. Eddy*, 129 Mo. 517. (3) The plaintiff himself knew where he was working, knew he was just beneath the counterweights; knew if they descended while his hand was there they would catch his hand, and yet worked there. If there was any negligence in this action, it was certainly his negligence and not that of Sumner or the elevator boy. (4) The petition does not state that Sumner was guilty of any negligence in the giving of the order to the elevator boy. The sole cause of

negligence stated is that the movement of the elevator while plaintiff was known to be in the shaft was gross negligence, carelessness and recklessness. It is not stated that Sumner ordered the elevator to be moved while plaintiff was in the shaft. There is a general charge of negligence, but this court has decided that where there is a special act of negligence alleged, the testimony will be taken as in support of the acts specially charged, and where there is an allegation of the special act of negligence, the recovery must be confined to that charge, and there can be no recovery upon a general charge. *Waldhier v. Railroad,* 71 Mo. 516.

SHERWOOD, J.—Action for personal injuries received in the shaft of an elevator while in the employ of defendant hotel company. At the close of plaintiff's case the trial court gave an instruction in the nature of a demurrer to the evidence, whereupon plaintiff took a nonsuit, and failing to have it set aside appealed to this court.

The sole act of negligence charged in the petition is that Thompson, the elevator boy, "acting under the order of E. E. Sumner, the manager of said West End Hotel, who had general supervision and control over all the employees and appointments of the hotel, in answer to a bell call from an upper floor, proceeded to ascend with said elevator, thereby causing said elevator weights to descend, and before plaintiff was aware of the movement of said elevator the balance weights struck his right arm. . . . Plaintiff states that the movement of said elevator, while plaintiff was known to be in said shaft was gross negligence, carelessness and recklessness. . . . Wherefore, plaintiff says that by reason of the negligence, carelessness and recklessness of defendant's agents and employees he has been damaged." The answer denied negligence of

defendant, and alleges contributory negligence of plaintiff.

For three years prior to and at the time of the accident, plaintiff had been employed as engineer of the West End Hotel, which belonged to defendant, and had charge, as electrician and engineer, of all the machinery and electrical appliances about the hotel, including the elevator. He was thirty-six years of age at the time of the accident. When he first went to work at the hotel the elevator was in bad condition and Mr. Sumner told him it could not be shut down in the day time for repairs and consequently plaintiff worked all night in repairing it; and this was the first work he did there. After that, acting under the orders of Sumner, and being told the elevator could not be shut down in the day time, he used to work repairing the elevator in the day time; that is to say, he would go on and work in different portions of the elevator shaft until it became necessary to run the elevator either up or down, when he would cease working for awhile, and then resume his work after the elevator stopped running. Thompson, who operated the elevator, was an intelligent boy some seventeen or eighteen years of age. Plaintiff directed the elevator boy in his work, and both were subject to the orders of Rood, president of the company, Sumner its general manager, and Hilliard its chief clerk. On the day of the accident the machinery connected with the elevator moved so smoothly that "you could not hear any noise from it, except the exhaust, and that you couldn't hear when the engine ran slow and easy" and this plaintiff then knew. The annunciator wires running from the various floors to the elevator bells, were broken. Hilliard sent for plaintiff and told him to find out what was wrong, and to fix the wires. Plaintiff discovered the defect and said to Thompson, the elevator boy, "Mack, run up out of the

way a ways and stop, and do not move until I tell you." Thompson said, "All right." He ran up to the third floor. Plaintiff looked up at the elevator, saw it had stopped, and then got his ladder, went into the elevator shaft from the basement, put the ladder against the blank wall on one side of the shaft, and went to work on the wires. These wires ran up in a small space behind the guides, between which the counterweight of the elevator ascended and descended when the elevator was in motion. This counterweight weighed about a ton. At the point at which the wires needed repairs there was a projection from the wall of a few inches, reaching to the guides—or, in other words, there was a small place above the point in question, between the guides and the wall.

The elevator boy testified that on the day of the accident, when plaintiff was working or standing on top of the elevator at work, the bells had been ringing a number of times. Plaintiff got off the elevator and the boy descended to take the passenger, and found it was Mr. Sumner. Mr. Sumner told the boy he should go and answer the bell, and let plaintiff quit work. Plaintiff did not hear the order Sumner gave the boy. When plaintiff went to work, he was, as he states, "perfectly cognizant of the fact that if the elevator went up the weight would come down and catch his hand, if he held his hand there and waited for it to come down." And while he was engaged in repairing the annunciator wires the counterweight came down and caught plaintiff's hand on the ledge of the projection alluded to, and broke his arm.

The elevator boy says he heard the bell ringing above him. Plaintiff swears he did not hear it. The boy says after he had been there about a minute or a minute and a half he heard a bell ring above him and

he started from the parlor floor to floor one hundred, where he took a passenger and went up to floor three hundred, "I started right slow; I thought of Dave being down there, but did not think any harm could come to him." He did not think of the counter-weight. He did not hollow to plaintiff because he did not think it necessary; did not think about hollowing. "It was my idea in going up slow that if Dave had been in the way he would have gotten out of the way— I did not know where he was working."

In the circumstances above set forth we are of opinion that the trial court rightfully gave an instruction in the nature of a demurrer to the evidence. Under the ruling in *Card v. Eddy*, 129 Mo. 510, and cases cited, it is clear that plaintiff and Mack Thompson, the elevator boy, were fellow-servants, and therefore no recovery can be had on that ground alone. It will be noticed that the petition does not charge that Sumner was guilty of any negligence in giving the order to the elevator boy, nor does the petition charge that Sumner gave the order for the elevator to be moved while the elevator was in the shaft and since the giving of those orders is not charged to be negligence, no recovery could be had on account of their being given, even if they were negligent and resulted in plaintiff's injury.

It is true that the petition contains a general charge of negligence, but in such cases the rule is firmly established in this State that the evidence will be confined to the specific charge of negligence. *Waldhier v. Railroad*, 71 Mo. 516; *Schneider v. Railroad* 75 Mo. 295; *Watson v. Railroad*, 133 Mo. 246; *McManamee v. Railroad*, 135 Mo. 440.

Finally, it is quite apparent from the testimony that plaintiff was perfectly cognizant of the peril of his situation in the shaft of the elevator, and of the danger

to be incurred from the counterweight, and yet he paid no attention to his dangerous surroundings. Had he done so it is evident beyond question that he would not have been injured. Therefore, judgment affirmed. All concur, except that BURGESS, J., does not concur as to that portion of the opinion which relates to fellow-servants.