M. E. FARR, Respondent, v. ADAMS EXPRESS COMPANY, Appellant.

Kansas City Court of Appeals, May 25, 1903.

Common Carriers: NEGLIGENCE: ALLEGATA ET PROBATA: DE-LIVERY: VARIANCE. The plaintiff alleged that the shipped goods were lost and destroyed by the negligence of the defendant and never delivered. The evidence showed that they were lost by reason of the burning of defendant's office, without its negligence. *Held,* the variance was fatal as the burden was on the plaintiff to prove the facts as alleged.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED.

*J. W. McAntire* for appellant.

(1) The defendant was only liable as a warehouseman and bound to take reasonable care of the property in its custody and was only answerable for loss occasioned by its fault or negligence. Gashweiler v. Railroad, 83 Mo. 112; Milling Co. v. Transit Co., 122 Mo. 275. (2) The plaintiff alleged in her statement that the goods "were lost and destroyed through the negligence and carelessness of the defendant." She then admitted, as shown by a copy of the record, that the goods were destroyed without the carelessness or negligence of the defendant, under such circumstances the court should have sustained the demurrer to the evi-

dence, because there was no testimony to support the allegations of negligence in the plaintiff's complaint. Milling Co. v. Transit Co., 122 Mo. 1. c. 275; Yarnell v. Railroad, 113 Mo. 575; Ober v. Dunn, 140 Mo. 476; Chemical Co. v. Lackawanna Line, 78 Mo. App. 313; Gashweiler v. Railroad, 83 Mo. 119; Dlauhi v. Railroad, 139 Mo. 291; McCarty v. Rood Hotel, 144 Mo. 397; Chitty v. Railroad, 148 Mo. 164; Bartley v. Railway, 148 Mo. 124.

*C. V. Buckley* for respondent.

No briefs filed.

ELLISON, J.—Plaintiff charged that defendant express company received a package addressed to plaintiff at Joplin, Missouri, and negligently failed to deliver the same. The judgment was for plaintiff.

The petition charges that a party at Kansas City delivered to defendant a package addressed to plaintiff at Joplin, Missouri, and that, "by the carelessness and negligence of defendant said goods were lost and destroyed" and therefore never delivered to plaintiff. There was evidence in behalf of plaintiff from which it may be properly inferred (though it was not alleged) that the package was addressed to plaintiff at his street number in Joplin. The evidence in behalf of defendant tended strongly to show that there was no street number on the address. Defendant sent a postal addressed to plaintiff at Joplin, without street number, notifying him of the arrival of the package. Nothing was heard from him and the package was retained by defendant until its office and contents, including the package, were destroyed by fire. It is agreed by the parties that the destruction was by fire and that the fire was not through defendant's negligence. Defendant's demurrer to the evidence should therefore have been sustained.

If plaintiff relied upon a negligent failure to deliver promptly and thereby have avoided the fire, he

should have so alleged in such a way as to connect that act with the destruction. By alleging merely that the package was negligently destroyed, and the evidence showing the destruction was by a fire not attributable to negligence, his case fails. His specific charge of negligence is that defendant negligently permitted the package to be destroyed. The burden was on him to prove this, when in fact there was no such proof. Chitty v. Railway, 148 Mo. 64; McCarty v. Rood Hotel, 144 Mo. 397; Dlauhi v. Railway, 139 Mo. 291.

The judgment is reversed. All concur.

