IRA C. GRISAMORE, Defendant in error, v. THE
   CHICAGO, ROCK ISLAND & PACIFIC RAIL-
   WAY COMPANY, Plaintiff in Error.

### Kansas City Court of Appeals, May 7, 1906.

1. **NEGLIGENCE: Pleading: Proof.** Where the petition contained
   general averments of negligence followed by allegations of
   specific acts, the plaintiff in his proof will be confined to the
   unbroadened specific acts.

2. ———: ———: ———: **Unskilled Crew: Neglect of Inspector.**
   The negligence of an inspector in the yards in making up a
   train can have no connection with a charge of negligence
   against the crew in managing, operating and running a train.

3. ———: ———: ———: ———. Some suggestions for new trial.

Error to Grundy Circuit Court.—*Hon. George W.
                 Wannemaker, Judge.*

REVERSED AND REMANDED.

*M. A. Low, Orton & Orton* and *Harber & Knight*
for plaintiff in error.

(1) And so it has been ruled that where specific
negligence is alleged, in connection with a general allega-
tion, that no proof of negligence outside of that speci-
ficed is admissible. Breeden v. Mining Company, 103
Mo. App. 179; McManamee v. Railroad, 135 Mo. 447;
Schneider v. Railway, 75 Mo. 295; McCarty v. Hotel Co.,
144 Mo. 402; Chitty v. Railroad, 148 Mo. 75; Watson v.
Railway, 133 Mo. 246; Bank v. Fritzglen, 135 Fed. 659;

4 Enc. Pl. & Prac. 742; Conway v. Railway, 24 Mo. App. 235; Oglesby v. Railway, 177 Mo. 301; Waldier v. Railroad, 71 Mo. 516.

*Platt Hubbell* and *George Hubbell* for defendant in error.

(1) Plaintiff charged that defendant negligently operated, managed and ran the engine and cars of said extra train, thereby derailing the same, injuring the plaintiff. This allegation of negligence covers the conduct of the train crew and is based on the fellow servant statute (R. S. 1899, section 2873), as well as the common law liability of the defendant for the negligence of such members of said train crew as were vice-principals of the plaintiff. This is a general allegation of negligence, yet, it is sufficient. Sullivan v. Railway, 97 Mo. 113, 117; Pope v. Railway, 99 Mo. 400; Ellett v. Railway, 76 Mo. 518. (2) The petition clearly charges negligence in conducting and running the train, and this allegation is clearly sufficient to cover the conduct of the engineer in the management of the train at the time of the accident. 76 Mo. 535; LeMay v. Railway, 105 Mo. 370; Shaw v. Railway, 104 Mo. 656; Malloy v. Railway, 173 Mo. 75; Shuler v. Railway, 87 Mo. App. 618; Fisher v. Golladay, 38 Mo. App. 1. c. 538; Chubbuck v. Railway, 77 Mo. 1. c. 593. (2) Plaintiff alleged that the defendant negligently employed an incompetent engineer, and negligently retained an incompetent engineer, thereby causing the derailment and injury — a general allegation of negligence. This is an allegation of negligence, based on the common law only. 12 Am. & Eng. Ency. of Law (2. Ed.), 909. Plaintiff's first allegation of negligence, is that the defendant negligently operated, managed and ran the engine and cars. This alleges the negligence of the train crew. Plaintiff's second allegation of negligence is, that the defendant negligently employed and negligently retained one member of the train crew. The second allegation is not included within the first.

The first allegation is not included within the second. One might exist, without the other. The first allegation alleges the negligence of those who ran the train. The second allegation alleges the negligence of those who employed the men who ran the train. Hill v. Railway, 49 Mo. App. 534; Hill v. Railway, 121 Mo. 477; Wacher v. Transit Co., 108 Mo. App. 645; Holden v. Ry., 108 Mo. App. 665.

ELLISON, J.—The plaintiff was an employee of the defendant and while such he was injured by an alleged negligent derailment of one of its trains while he was riding in the engine with the engineer. The judgment in the trial court was for the plaintiff.

The engineer had not been over the particular part of defendant's road prior to the trip in controversy and plaintiff, who was familiar with the road, was riding with him so as to act as "pilot." The petition alleges the negligence complained of in the following way: "The defendant, acting through its officers, servants and agents negligently operated, managed and ran the engine and cars of said extra train, and, by reason of defendant's said negligence, said engine and cars were then and there derailed and thrown from the track and turned over. The defendant negligently employed and at all times herein mentioned, negligently retained in its employment an incompetent engineer, who was a member of said train crew, and who was ignorant of defendant's said road, and who was incompetent to run said train from St. Joseph to Leavenworth; and, of which incompetency the defendant, then and there might have known by the exercise of ordinary care and diligence, and of which incompetency the defendant, then and there, did know: and, on account of said incompetency of said engineer and, on account of defendant's negligence in operating, managing and running said train, the aforesaid train was negligently derailed by defendant."

Under those allegations, defendant contends that the only evidence admissible would be that tending to prove the incompetency and the negligence of the engineer; and that since evidence of other acts of negligence was admitted, over its objection, error was committed. We find that there was evidence of other acts of negligence, notably of running one car in the train with defective and insufficient brakes. The rule is now so well established in this State as to be no longer questioned, that if there is a general allegation of negligence followed by specific acts, the plaintiff will be confined in his proof to the latter unbroadened by the former. [Chitty v. Railway, 148 Mo. 75; McCarty v. Hotel Co., 144 Mo. 402; Schneider v. Railway Co., 75 Mo. 295.]

But plaintiff strongly insists that the first part of the charge in the petition, which we have above set out, ought not to be considered a general allegation, but rather a specific allegation affecting any one of the train crew; and that the second part of the charge relates to the engineer alone, and therefore, he contends, the foregoing fundamental rule ought not to be applied to him. As to that, there is a decision of the Supreme Court which we deem to be directly against his position. In McManamee v. Railway, 135 Mo. 440, there was a general charge, as here, that the occurence happened through the negligence, carelessness and unskillfulness of defendant's agents and servants in operating and managing a train. That averment was followed by alleging the existence of a city ordinance forbidding the running of trains a greater speed than six miles per hour, and requiring that the bell be rung and a watchman maintained at crossings, which ordinance was not observed. The court held that the plaintiff was rightly restricted to showing a violation of the ordinance, that being the special negligence following the more general charge preceding. To the same effect is Breeden v. Big Circle Mining Co., 103 Mo. App. 176.

As before stated, among acts shown was that as to a certain car in the train without a proper brake. Plaintiff seeks to excuse this on the ground that it tended to show negligence in the engineer in running the train; that the engineer had stated that he knew such car was in the train and called the attention of inspector to it. But, in point of fact, this evidence made its appearance in plaintiff's testimony before the engineer testified. The defendant's objection to the evidence was that no defective appliance was alleged, whereupon, before the court made a ruling, counsel stated that plaintiff's claim was that the *car inspector* was negligent in not repairing the defect. Thereupon, the court overruled the objection, and thence on through several questions and objections the negligence of the car inspector at the yards in St. Joseph was shown to the jury. Thus was negligence in the make-up of the train at the yards put into the case without anything upon which to ground it. Proof of negligence on the part of the inspector could have no connection with a charge of negligence against the crew of a train in managing, operating and running such train.

An examination of the evidence has not satisfied us that plaintiff cannot make out a case for the jury and hence we will remand the cause. A great number of exceptions were taken to the action of the trial court; but as the same objections, in the same connection, will probably not arise again, it will be unnecessary to pass upon them. Each party will doubtless profit by the industry and research of the other, as shown to each in the respective briefs, to such extent that the next trial will be shorter, with fewer instructions, less generalization in the statement of abstract propositions of law and more satisfaction to both with the result, whatever it may be. The judgment is reversed and the cause remanded. All concur.