MABEL JOSEPH, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 17, 1908.**

1. **PASSENGER CARRIERS:** Pleading: General and Specific Negligence: Evidence: Instructions. Where there is a charge of general negligence coupled with specific acts of negligence the complaint will be confined to the specific acts; but where the defendant permits evidence of general negligence to be introduced without objection, he cannot object to instructions submitting such negligence to the jury, especially where he goes into such evidence himself.

2. **TRIAL AND APPELLATE PRACTICE:** Instructions: Evidence. Where an instruction is refused and the abstract furnishes no evidence on which to base it, the appellate court must approve the refusal.

3. ——: ——: ——. It is not necessary that the evidence should in affirmative terms support the hypothesis of an instruction provided it is sufficient by reasonable and proper inference to justify such theory.

4. ——: ——: ——. It is sufficient if a refused instruction is sufficiently covered in a given instruction.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(1.) On all the evidence in the case the verdict should have been for the defendant. Feary v. Railway, 162 Mo. 96; Hamilton v. Railway, 114 Mo. App. 509; Chitty v. Railway, 149 Mo. 74; Orcutt v. Building Co., 99 S. W. 1062; McManamee v. Railroad, 135 Mo. 447; McGrath v. Railroad, 197 Mo. 105; Trotter v. Railway, 122 Mo. App. 405; Beebe v. Railroad, 103 S. W. 1019. (2) The court erred in giving instructions 1, 2, as requested by the plaintiff. No. 1 enlarges the issues tendered by the pleadings. McManamee v. Railway, 135 Mo. 447; Feary v. Railroad, 162 Mo. 75; Hamilton v.

Railroad, 114 Mo. App. 508. No. 2 enlarges the issues tendered by the pleadings. Bank v. Murdock, 62 Mo. 70; Wolfe v. Supreme Lodge, 160 Mo. 686; Chitty v. Railroad, 148 Mo. 74; Sandy River Co. v. Caudill, 21 Ky. 1647, 60 S. W. 180; Hamilton v. Railway, 114 Mo. App. 513; Heinzle v. Railway, 182 Mo. 528; Koenig v. Railway, 173 Mo. 698. Ignores the issues tendered by the pleadings. Chitty v. Railroad, 148 Mo. 74; Loweinstein v. Railway, 110 Mo. App. 688; Orcutt v. Building Co., 201 Mo. 446; Turner v. Haar, 114 Mo. 347; Trotter v. Railway, 122 Mo. App. 405. Misled the jury. Trotter v. Railway, 122 Mo. App. 405; Beebe v. Railroad, 103 S. W. 1019. No. 3 ignores the issues tendered by the pleadings. Smoot v. Kansas City, 194 Mo. 523. Misled the jury. Smoot v. Kansas City, 194 Mo. 523.

*C. C. Madison* and *A. R. White* for respondent.

(1) The plaintiff was not only entitled to a verdict under her evidence, but under that of defendant. A prima-facie case was made out by showing the relation of carrier and passenger and the occurrence and conduct of employees described in evidence, continuing as it did for such length of time. Brod v. Transit Co., 115 Mo. App. 202; Williamson v. Transit Co., 202 Mo. 345; McManus v. Railway, 116 Mo. App. 110; Ephland v. Railroad, 137 Mo. 187, 35 L. R. A. 107; Ephland v. Railroad, 57 Mo. App. 148; Cassady v. Railway (Mass.), 14 Am. Neg. 559; Gallagher v. Edison Co., 72 Mo. App. 576; Mather v. Rillson, 156 U. S. 391; Margrane v. Railway, 183 Mo. 119; Redmon v. Railway, 185 Mo. 1; Malloy v. Railway, 173 Mo. 80. (2) Respondent's instructions were based upon the petition and proof and are unassailable. Brod v. Transit Co., 115 Mo. App. 202; Malloy v. Railway, 173 Mo. 80; Margrane v. Railway, supra; Anderson v. Railway, 196 Mo. 442; Hanlon v. Railroad, 104 Mo. 391; Sharp v. Biscuit Co., 179 Mo. 553.

ELLISON, J.—Plaintiff was injured while riding on one of defendant's street cars as a passenger, and brought this action to recover damages alleged to have resulted from the negligence of defendant. She recovered judgment in the trial court.

It appears from evidence in plaintiff's behalf that defendant's car was propelled by the power of electricity and while she was riding therein there suddenly burst forth, at the front end, flashes of fire which enveloped that part of the car. The motorman excitedly cried out to the passengers to jump off the car. This alarmed and excited them and plaintiff attempted to get off and in doing so was thrown to the pavement and hurt.

The petition contained a general charge of negligence, but it contained other allegations specifying the negligence as that "the agents and servants of defendant in charge of said car negligently gave terrifying exclamations and so conducted themselves as to cause plaintiff to believe there was great danger in remaining thereon." The rule in this State is, as has been frequently announced, that when there is a charge of general negligence coupled with specific acts of negligence, the complainant will be confined to the specific acts. [McManamee v. Railway, 135 Mo. 440, 447; McCarty v. Rood Hotel Co., 144 Mo. 402; Chitty v. Railway, 148 Mo. 75; Gayle v. Missouri Car Co., 177 Mo. 427, 450.]

In this case, had defendant asked it, the plaintiff should have been required to make out her case on the particular negligence specified, viz.: the terrifying exclamations of the motorman when the electric blaze burst forth. But no objection was made to evidence of general negligence. The court was not asked to confine plaintiff to the negligence specified. In such condition of case the defendant cannot object to instructions submitting as a part of the issues, that to which it did not enter objection, when it was being shown in evidence. [Dlauhi

v. Railway, 139 Mo. 291.] In this case defendant not only did not object to evidence of general negligence which was addressed to the condition of the controller and other electrical apparatus of the car, but it was the first to introduce anything on that subject, and did so in exculpation of itself. Then, but not until then, did plaintiff go into that question. The evidence in chief in plaintiff's behalf was confined to the specific negligence charged. It may be that plaintiff, after charging specific negligence, was improperly relying upon the rule of *res ipsa loquitur* as to the general negligence; but if so, it did not justify defendant in joining in such improper view of the case. As the record is here presented, plaintiff made no attempt, by way of evidence, to go outside the specific allegations until defendant itself had done so.

The foregoing disposes of the principal part of defendant's objections to the judgment, though there are some others we will notice. An instruction was refused for defendant submitting the hypothesis of plaintiff not falling when she was getting off the car, but fell near the curbing after she left the car. It is said there was evidence upon which to base the instruction. Such evidence is not pointed out and we have not been able to find it.

It is objected that the evidence did not sustain plaintiff's allegation that she "alighted from said car while same was in motion." We conclude that while there was no evidence showing this allegation in affirmative terms, yet it was sufficient to justify the jury, by reasonable and proper inference, in saying she alighted from the car while it was in motion. In addition to the abstract presented by defendant, plaintiff has made a supplemental showing in which it appears a witness, who was in the car seat with plaintiff, stated that "I could not get off on account of having the children. It scared them and they were crying and the motorman

kept hollering. The plaintiff sat right next to the outside of the car (summer car). After this had continued she raised up and faced to the outside and threw her umbrella and the next thing she was down on the pavement." Connected with the other evidence, this was sufficient.

An instruction for defendant on the theory of accident was refused. But all that was proper in that regard was given in another.

We do not discover ground justifying a reversal and the judgment must therefore be affirmed. All concur.

