## DAVID KINNEY, Appellant, v. NATIONAL NEWSPAPER ASSOCIATION, Respondent.

### Kansas City Court of Appeals, February 7, 1916.

1. **PRACTICE, APPELLATE:** Certiorari: Supreme Court. Court of Appeals. A verdict for plaintiff was rendered in a case for personal injury inflicted by alleged negligence of the defendant. The trial court granted a new trial for error in giving an instruction for plaintiff. Plaintiff then appealed to the Court of Appeals where it was held the instruction was proper and the order granting the new trial was reversed. Defendant then obtained a writ of *certiorari* from the Supreme Court which court held, with the trial court, that the instruction was erroneous in that it was broader than the petition and remanded the case to the Court of Appeals for further proceedings. Plaintiff then insisted that the Court of Appeals should disregard the instruction on the ground that no exception was taken to it by defendant. It was *held,* that the Court of Appeals had no authority to avoid the judgment of the Supreme Court on the ground that that Court had overlooked the fact that no exception was taken to the instruction. It was *further held,* that the fact that evidence of the negligence submitted by the instruction was admitted without objection by defendant, did not authorize the Court of Appeals to avoid the judgment of the Supreme Court. It was *further held,* that such case was not one where the rule that notwithstanding an erroneous instruction was given, the judgment would be affirmed, if for the right party.

2. ———: ———: **Independent Points: Certiorari.** If on appeal to the Court of Appeals several distinct errors are claimed for reversal of the judgment and the Court of Appeals decides the case on one of such points and does not consider the others, and the Supreme Court on *certiorari* reversed such decision and returns the case to the Court of Appeals, the points not considered, and which are not dependent upon, or controlled by the point decided by the Supreme Court, are open for decision by the Court of Appeals.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

　　*Garnett & Garnett* for appellant.

　　*Frank M. Lowe* for respondent.

　　ELLISON, P. J.—This case was instituted to recover damages from defendant for personal injury. The verdict in the trial court was for the plaintiff, but on defendant's motion that court set the verdict aside and granted a new trial, on the ground that it concluded it had committed error in giving an instruction for plaintiff. Plaintiff appealed from that order to this court and we reversed the judgment of the trial court and remanded the cause with directions to reinstate the verdict. Defendant then obtained a writ of *certiorari* in the Supreme Court and that court quashed the judgment of this court and returned the case to this court. The Supreme Court decided that the circuit court had committed error in giving the instruction for plaintiff and that it properly granted a new trial for that reason.

　　On return of the case to this court, defendant filed a motion to return it to the trial court. That motion has been vigorously resisted by the plaintiff. The object sought by plaintiff is to have this court again consider the case on the merits of the appeal. The ground

taken in support of this position is that no exception was taken by defendant to the giving of the instruction for plaintiff, and hence it could not be considered by the trial court, or an appellate court, as erroneous. [Green v. Terminal Ry., 211 Mo. 18, 30.] It is true that neither the abstract, nor the bill of exceptions, show an exception to the instruction. The only exceptions to instructions were those taken by plaintiff to two given by the court of its own motion. One of these authorized a verdict by less than twelve of the jurors, and the other was as to the form of the verdict. But the Supreme Court nevertheless considered the instruction and its judgment was based on it. It is not for another court to say that it should not have been considered. The proper practice would have been to call that court's attention to the point now made. The effect of the position taken by plaintiff is, that this court has authority to say that the very basis of a decision made by the Supreme Court was founded on a misconception. This court considered the instruction in the opinion delivered on the first hearing, and the Supreme Court, very naturally, took that fact as full justification in assuming the instruction was properly in the case.

The case was remanded by the Supreme Court to this court to the end that we may "further proceed with the cause within constitutional restrictions." We take that to mean this: That plaintiff's instruction No. 1, broadened the issues tendered by the petition and that the trial court was right in granting a new trial for that reason. It follows that we erred in disturbing the judgment of the trial court and that such judgment should be affirmed.

But plaintiff urges that he is entitled to a reversal of the judgment granting the new trial for matters not involved in the *certiorari* proceeding before the Supreme Court, and that when the latter court remanded the case to this court, it was to the end that we might

consider it on all other matters arising in the record, and it left this court with the duty to consider all other phases of the case. We readily concede that position. It is rare that a case is presented on appeal without asserting more than one reason for reversal; and it is common for an appellate court, finding one point sufficient, not to consider the others. In such instance, if the Supreme Court should reverse this court on that point, on the ground that it was contrary to some prior decision of that court, and remand the cause to this court to be proceeded with, it would become our duty to examine and consider the points in the case not affected by the point upon which the Supreme Court considered it. We pursued that course in Iba v. Railroad, 186 Mo. App. 718.

So plaintiff has urged that we consider his insistence, that, notwithstanding the instruction for plaintiff was erroneous, from a legal standpoint and notwithstanding evidence upon which it was based was not competent, under the allegations of the petition, *if objected to,* yet defendant did *not* object to it, and hence its incompetency was waived by defendant. This position of plaintiff's is sustained by the Supreme Court in Dlauhi v. Railroad, 139 Mo. 291, 294. That court, after stating that where specific negligence is alleged in a petition the plaintiff will be restricted to proof of the facts so specified, proceeds to say: ''But in order to the restriction of the proof to the specific acts of negligence alleged there should be interposed at the time when offered, objections to the introduction of the evidence under the general allegation.''

But in Degonia v. Railroad, 224 Mo. 564, 589, the court uses this language: ''But, further, an instruction cannot be broader than the pleadings, although the evidence may take a wider range, nor on the other hand can the instruction be broader than the facts proven, although the pleadings may take a broader range.''

That case, on that point, is approved by the opinion of the Supreme Court in this case. Now it is true, the court does not say that the evidence upon which the instruction is founded, need not be objected to. But in the opinion of this court which was reviewed by the Supreme Court, Judge TRIMBLE, in giving reasons for the view that the instruction did not broaden the petition, said (italics his): "The course pursued by the parties at the trial shows that they so construed the petition. Because *the evidence that the truck was overloaded was admitted without objection.* That evidence was not a mere word or sentence slipping into the record by inadvertence or inattention. It occupied much space and time at the trial." Counsel for plaintiff are therefore in error in the claim that this point was not involved in the case as presented to the Supreme Court.

But here again we are met with the claim by plaintiff that while the point was involved in the record upon which the Supreme Court reversed the action of this court, yet it was overlooked by that court. As our answer to this, we refer to what we have said in the forepart of this opinion on the other point.

Finally, plaintiff contends that the verdict was manifestly for the right party, and that when such is the case, the judgment should be affirmed notwithstanding erroneous instructions were given. [Homuth v. Street Ry. Co., 129 Mo. 629, 642.] But the verdict may have been rendered on that part of the negligence covered by the instruction which the Supreme Court has ruled was not tendered as an issue in the petition. In such case, the rule claimed by plaintiff cannot apply. The instruction submitted a cause of action not alleged. [Degonia v. Railroad, supra, pp. 588, 589.]

The judgment is affirmed. All concur.